**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Eric Steven ALDEN, Defendant—
Appellant.**

No. 01–30403.

D.C. No. CR–01–00025–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Nov. 14, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Eric Steven Alden ("Defendant"), convicted pursuant to a conditional plea of guilty to two cocaine trafficking charges, appeals the district court's denial of his motion to suppress evidence resulting from a search of his vehicle using a drug dog as well as his subsequent confession to transporting narcotics. We have jurisdiction pursuant to 28 U.S.C. § 1291. We hold that the police (1) had reasonable suspicion of illegal drug activity, and (2) were justified in detaining the Defendant for more than a routine traffic investigation. Because we hold also that the evidence found by the drug dog was an inevitable discovery and that the subsequent Mirandized confession was not tainted by the pre-Miranda confession, we affirm the district court.

Because the parties are familiar with the facts and procedural history of this case, we will not repeat them here.

The Defendant first argues that the police did not have reasonable suspicion of drug activity sufficient to justify extending his traffic stop beyond checking his driver's license, registration, and insurance. We disagree. We find no evidence in the record that justifies overturning the district court's factual findings regarding events prior to the traffic stop. *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002) (stating we review motions to suppress de novo, and the trial court's factual findings for clear error). Thus, considering the "collective knowledge of all the officers involved," *United States v. Sutton*, 794 F.2d 1415, 1426 (9th Cir.1986), the police were justified in investigating the Defendant for more than a mere traffic violation because the "totality of the circumstances" established by the facts provided a "particularized and objective basis"

for suspecting the Defendant was attempting to deliver drugs to Lamont Allen. *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (internal quotation marks omitted). Despite the Defendant's argument that his "exemplary" behavior during the traffic stop should serve to dispel any pre-existing reasonable suspicion, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *Id.* at 277., 122 S.Ct. 744 Accordingly, we hold that the police had reasonable suspicion to investigate the Defendant for illegal drug activity in addition to the traffic violation.

Defendant next argues that so-called "interdiction stops" without reasonable suspicion violate the Fourth Amendment. However, this argument fails under these facts which demonstrate sufficient "cumulative information" from which experienced and trained officers could infer that the Defendant was engaged in illegal conduct. *See id.* at 273, 122 S.Ct. 744.

The Defendant next argues that the pre-Miranda questioning and confession rendered the fruits of the canine "sniff" inadmissible fruit of the poisoned tree, and that the district court erroneously applied the inevitable discovery doctrine. *See Nix v. Williams*, 467 U.S. 431, 440–48, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). We disagree. First, we have already identified reasonable suspicion independent from the confession to justify further drug investigation. Second, the district court found (1) that "use of the dog was already underway when [the canine handler] learned of Alden's admission," and (2) that "the officers would have conducted the search with or without a confession. . . ." These findings are fully supported by the

---

evidence. *See United States v. Reilly*, 224 F.3d 986, 994 (9th Cir.2000) (stating that rulings regarding inevitable discovery present mixed questions of fact and law that are reviewed for *clear error*). Therefore, we affirm the district court's application of the inevitable discovery doctrine to the canine sniff.

Finally, the Defendant argues that his pre-*Miranda* confession also rendered his later, warned confession inadmissible. We disagree. In refusing to suppress the second confession, the district court properly relied on *Oregon v. Elstad*, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). Absent actual coercion or other evidence of involuntariness, *Miranda* does not warrant suppression of warned statements solely because of a prior unwarned statement. *See Elstad*, 470 U.S. at 309, 105 S.Ct. 1285. The Defendant does not point to sufficient evidence either that the confession was coerced or involuntary, or that the officers employed unusual or improper interrogation techniques. Therefore, the district court correctly refused to suppress the second confession.

AFFIRMED.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.